**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-CV-00366-RLV**
**(3:02-CR-00216-RLV-1)**

| | |
|---|---|
| **KENDALL LESHAWN MARTIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 or, alternatively, under 28 U.S.C. § 2241, or on a Motion for a Writ of Coram Nobis or a Writ of Audita Querela, [Doc. No. 3], and on the Government's Response to the Motion to Vacate, [Doc. No. 6]. Petitioner is represented by the Federal Defenders of Western North Carolina.

### I. BACKGROUND

On September 10, 2002, Petitioner was indicted on one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). Petitioner entered a straight-up plea to the charge and his guilty plea was accepted on January 29, 2004. Prior to sentencing, the probation officer completed a Presentence Report ("PSR"), and therein the probation officer summarized Petitioner's criminal history, including the conviction relied upon to support the § 922(g) charge: a felony breaking and entering conviction in Mecklenburg County Superior Court on December 7, 1999, for which Petitioner was sentenced to 5-6 months imprisonment . See [3:02-CR-00216, Doc. No. 35: PSR ¶ 5 ]. On October 25, 2004, this Court sentenced Petitioner to 120 months imprisonment and three years of supervised release. [Doc. No. 24: Judgment in

1

Criminal Case]. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner argued that this Court erred in its application of enhancements under § 2K2.1(b)(4) and (5) of the U.S. Sentencing Guidelines Manual. Specifically, this Court found that the firearm possessed by Petitioner was stolen and therefore a two-level enhancement was proper. Next, Petitioner argued against the application of a four-level enhancement because Petitioner possessed the firearm in connection with another felony offense. The Fourth Circuit rejected each argument and affirmed his criminal judgment. United States v. Martin, No. 04-4982, 2006 U.S. App. LEXIS 6024 (4th Cir. 2006) (unpublished).

On July 11, 2012, Petitioner filed a pro se motion to vacate his sentence under § 2255. Petitioner argues that he is entitled to relief in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the state court felony used to obtain the Section 922(g)(1) conviction did not carry a sentence of more than one year.[1] Petitioner contends that the Court should therefore vacate his conviction and order his immediate release. In its Response, the Government agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges, and the Government has affirmatively waived the statute of limitations under 28 U.S.C. § 2255(f), and agrees that the Court should vacate Petitioner's

---

[1] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). The Fourth Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 U.S. App. LEXIS 17494 (4th Cir. Aug. 21, 2013).

2

conviction.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, it is undisputed that the petition is untimely, as it was filed more than five years after Petitioner's conviction became final. A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred. A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998).

In its Response, the Government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the Government has expressly waived the one-year limitation period. The Supreme Court held in Day v. McDonough, 547 U.S. 198, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver. Because Respondent has expressly waived the one-year limitations period, and has conceded that Petitioner is actually innocent of the felon-in-

3

possession conviction under the Fourth Circuit's holding in United States v. Simmons, the Court will grant the motion to vacate. Petitioner's remaining claims for relief, filed through counsel, will be denied as moot.

## CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion to Vacate, (Doc. 1), is **GRANTED** and Petitioner's conviction is hereby **VACATED**. Petitioner's supplemental motion to vacate will be dismissed as moot. (Doc. No. 3). Petitioner's motion to expedite will be dismissed as moot. (Doc. No. 9).

(2) Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: October 9, 2013

Richard L. Voorhees
United States District Judge